ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC.,<br>a Delaware corporation, *et al.*,[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered |
| GREGORY J. SCHROEDER, *et al.*,<br><br>                         Plaintiffs<br><br>                         v.<br><br>NEW CENTURY HOLDINGS, INC.,<br>*et. al.*,<br><br>                         Defendants. | Adv. Pro. No. 07-51598 |

## SCHEDULING ORDER

The following schedule shall apply to the above-captioned adversary proceeding:

IT IS HEREBY ORDERED that:

1. <u>The Debtors' Motion to Dismiss and The Committee's Joinder Motion to Dismiss.</u>

   Plaintiffs shall file and serve an opposition brief to the Debtors' Motion to Dismiss and the Committee's Joinder Motion to Dismiss (together, the "Motions to Dismiss") on or

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P., a Delaware limited partnership.

877285.010 - 1297642.3
SL1 741865v2/102440.00001

before August 20, 2007. The Debtors and the Committee shall file and serve reply briefs, if any, on or before September 6, 2007. Oral argument on the Motions to Dismiss shall be held in connection with the omnibus hearing presently scheduled for September 11, 2007, at 1:30 p.m.

2. <u>Answers and Other Responsive Pleadings</u>. Defendants shall answer the Plaintiffs' complaint and file any other responsive pleadings within fourteen (14) business days after the entry of this Court's order with respect to the Motions to Dismiss, unless such order results in the final dismissal, without leave to amend, of the adversary proceeding, in which event no further pleading shall be required.

3. <u>Plaintiffs' Motion to Certify Class and to Appoint Class Counsel</u>. Defendants shall file and serve opposition briefs, if any, with respect to Plaintiffs' Motion to Certify Class and to Appoint Class Counsel, within forty-five (45) days after the entry of this Court's order with respect to the Motions to Dismiss, unless such order results in the final dismissal, without leave to amend, of the adversary proceeding, in which event no further briefing shall be required. Plaintiffs shall file and serve a reply brief, if any, within fifteen (15) days after service of Defendants' opposition papers, if any.

4. <u>Other Motions</u>. Proceedings on all other motions filed in this adversary proceeding shall be governed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules, unless this Court orders otherwise.

5. <u>Discovery Planning Conference</u>. The discovery planning conference described in Fed.R.Civ.P.26(f), made applicable by Fed.R.Bankr.P.7026, shall take place no later than thirty (30) days after the first answer or other responsive pleading is filed pursuant to Paragraph 2 hereof (the "First Answer Date"). Interrogatories and requests for the

production of documents may be served prior to the discovery planning conference, provided, however, that the deadline to respond to any such discovery served prior to this Court's ruling on the Motions to Dismiss shall be thirty (30) days after the entry of the Court's order with respect to the Motions to Dismiss, unless such order results in the final dismissal, without leave to amend, of the adversary proceeding, in which event no response shall be required.

6. Initial Disclosures. The parties shall provide the initial disclosures under Fed.R.Civ.P.26(a)(1), made applicable by Fed.R.Bankr.P.7026(a)(1), no later than fourteen (14) days after the discovery planning conference.

7. Fact Discovery Period. All fact discovery shall be completed no later than one hundred twenty (120) days after the First Answer Date ("Fact Discovery Closure Date").

8. Experts. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), made applicable by Fed.R.Bankr.P.7026, shall be served by the party which bears the burden of proof for that issue, no later than thirty (30) days after the Fact Discovery Closure Date. Rebuttal expert reports, if any, shall be served thirty (30) days after service of the expert report(s). Expert depositions shall be completed between fifteen (15) days and thirty (30) days after service of rebuttal expert reports. All expert discovery shall be completed, and discovery shall close, no later than ninety (90) days after the Fact Discovery Closure Date ("Discovery Closure Date").

9. Dispositive Motions. Any dispositive motions shall be filed and served no later than thirty (30) days after the Discovery Closure Date; opposition papers, if any, to such motions shall be filed and served within thirty (30) days after service of the dispositive

motions; and reply papers, if any, shall be filed and served within fifteen (15) days after service of any opposition papers.

10. Status Conference. The Court shall conduct a status conference on ___May 21___, 2008 at 10:00AM or on such other date to be determined by the Court, which status conference shall be for the purpose of: (a) setting deadlines for additional filings, including, without limitation, pre-trial disclosures, motions *in limine* and the pre-trial order; (b) setting dates for the pre-trial conference and trial; and/or (c) addressing such other issues as the Court or the parties deem necessary and appropriate.

11. Settlement, Etc. Plaintiffs shall immediately notify Chambers upon the settlement, dismissal or other resolution of this adversary proceeding and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. Plaintiffs shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiffs believe may suggest or necessitate the adjournment or other modification of the trial schedule.

12. Deadlines. Deadlines concerning the timing of the Discovery Planning Conference, Initial Disclosures, and Discovery Closure Date may only be extended or otherwise modified by order of this Court. All other deadlines contained herein may be extended by stipulation of the parties.

13. Scheduling Order. Plaintiffs shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

14. Service. Service of any papers directed or authorized by this Order shall be made *via* e-

mail and first class mail on each party's counsel of record.

Dated: August 7, 2007
       Wilmington, DE

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE