UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC., a Delaware corporation, et al.,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered |
| GREGORY J. SCHROEDER, et al.,<br><br>　　　　Plaintiffs<br><br>　　　v.<br><br>NEW CENTURY HOLDINGS, INC., et al.,<br><br>　　　　Defendants. | Adv. Pro. No. 07-51598 |

**DECLARATION OF JANET OKIMOTO IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO THE STATUS OF ASSETS HELD IN THE RABBI TRUST**

I, Janet Okimoto, hereby declare and state as follows:

1. I am currently employed by Special Counsel, Inc., a temporary consulting firm, located at 1201 Dove Street, Newport Beach, California, 92660. As of August 1, 2008, I have acted as a temporary consultant to the New Century Liquidating Trust (the "Liquidating Trust") and its trustee Alan M. Jacobs (the "Liquidating Trustee"). I perform my consulting duties at an office maintained by the Liquidating Trust, located at 3337 Michelson Drive, Suite CN-350, Irvine, California, 92612. From December 17, 2007 through July 31, 2008, I was similarly employed as a consultant to the New Century Defendants, as

1

debtors and debtors in possession, with respect to the jointly administered Chapter 11 proceeding pending in the United States Bankruptcy Court for the District of Delaware, Case No. 07-10416. Prior to my employment with Special Counsel, I served as Vice President of Human Resources Operations for New Century Mortgage Corporation. I held that position from December 4, 2006, through December 28, 2007, which slightly overlapped my employment with Special Counsel, Inc. Prior to my employment with New Century Mortgage Corporation, I was employed by Resources Global Professionals as a consultant. I performed payroll and HR project management and information systems consulting services at New Century Mortgage Corporation from May 17, 2006 through December 3, 2006.

2. I make this declaration in support of the Liquidating Trustee's Motion for Summary Judgment With Respect to Status of Assets Held In the Rabbi Trust. The specific information provided in this declaration is based on my personal knowledge.

3. New Century's practice for transmitting funds to the rabbi trust differed from its practice of transmitting employee contributions to the New Century Financial Corporation 401(k) Profit Sharing Plan ("401(k) Plan").

4. New Century periodically transferred funds to Wells Fargo Bank, N.A., as trustee ("Wells Fargo"), via wire transfer for deposit into a rabbi trust used by New Century as a source

2

of funds to assist it in meeting its future obligations to pay deferred wages under the New Century Financial Corporation Deferred Compensation Plan and the New Century Financial Corporation Supplement Executive Retirement/Savings Plan (collectively, the "Plans").

5. The wire transfers made to Wells Fargo for deposit in the trust were made from the general corporate assets of New Century.

6. These wire transfers to Wells Fargo were not accompanied by any Plan participant-specific information.

7. In contrast to the above, New Century periodically transmitted employee contributions to J.P Morgan Retirement Plan Services LLC ("JPMorgan RPS") as recordkeeper and trustee of the 401(k) Plan.

8. These wire transfers to JPMorgan RPS in respect of the 401(k) Plan were accompanied by a separate file that itemized the specific employee contributions, employer matching contributions and loan repayments that were included in the wire amount.

Executed this 25th day of March, 2009 at Irvine, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Janet Okimoto