IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW CENTURY HOLDINGS, INC., a Delaware corporation, *et al.*,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 07-10416 (KJC)<br>Jointly Administered |
| GREGORY J. SCHROEDER, *et al.*,<br><br>                    Plaintiffs<br><br>      v.<br><br>NEW CENTURY HOLDINGS, INC., *et al.*,<br><br>                  Defendants. | Adv. Proc. No. 07-51598 |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM THE NEW CENTURY DEFENDANTS AND DEFENDANTS BLACK, *ET AL.*

Pursuant to Fed. R. Banrkr. 7037 and Fed. R. Civ. P. 37(a), Plaintiffs Gregory J. Schroeder, Michelle Parker, Martin Warren, Steve Holland, and Nabil Bawa and the Ad Hoc Committee of Beneficiaries of the New Century Financial Corporation Deferred Compensation Plan and/or Supplemental Executive Retirement/Savings Plan (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Motion to Compel Discovery From the New Century Defendants[1] and

---

[1] The New Century Defendants as used herein refers to the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company, NCoral, L.P., a Delaware limited partnership.

Defendants Harold Black, Frederick Foster, Donald Lange and Michael Sachs (the "Compensation Committee"), and further state as follows:

**Preliminary Statement**

1. The Compensation Committee possesses hundreds of pages of formal Minutes of Meetings of the Compensation Committee of the Board of Directors for the New Century Financial Corporation (the "Compensation Committee Minutes"). These documents have been produced to Plaintiffs in redacted form, based on claims of attorney-client privilege, despite the fact that many of these documents also reflect disclosure to third parties and otherwise should not be shielded based on privilege. At the same time that the Compensation Committee apparently is asserting privilege on behalf of the New Century Defendants, it also has directed Plaintiffs to obtain production of the full, unredacted versions of these Compensation Committee Minutes from the New Century Defendants.

2. Notwithstanding that the Charter of the Compensation Committee requires that the Compensation Committee Minutes must be maintained in the company's "regular corporate records," the New Century Defendants have **never** produced the hundreds of pages of Compensation Committee Minutes that are in the possession of the Compensation Committee. Rather, the New Century Defendants have only produced a handful of Compensation Committee Minutes, often replete with redactions, despite the fact that such documents reflect disclosure to third parties and the privilege otherwise should not apply.

3. The New Century Defendants and the Compensation Committee should be compelled to produce all of the Compensation Committee Minutes and related documents (as well as any other documents reflecting third party disclosure) in complete, unredacted form because:

- Attorney-client privilege has been waived through voluntary disclosure to third parties;

- Attorney-client privilege has cannot be selectively applied; and
- Attorney-client privilege does not apply because of the fiduciary exception.

Each of these issues will be addressed in turn.

## Nature and Stage of These Proceedings

## II. THE NEW CENTURY DEFENDANTS

### A. The New Century Defendants Privilege Claims

4. On October 1, 2007, Plaintiffs propounded upon the New Century Defendants their First Set of Interrogatories and Document Requests, including as pertaining to the Compensation Committee Minutes. *See generally* Plaintiffs' Motion to Compel Discovery From The New Century Defendants and For Sanctions, Document No. 96, filed 10/21/08, at Exhibit A thereto, at Request for Production Nos. 8-10. In response to Plaintiffs' Requests, the New Century Defendants have produced more than 230,000 pages of documents, while also withholding and/or redacting certain documents on the basis of the attorney-client privilege.

5. Following receipt of the first two installments of the New Century Defendants' privilege logs, Plaintiffs' counsel wrote a letter to counsel for the New Century Defendants on September 5, 2008 asking for information sufficient to address the New Century Defendants' claims of privilege amid apparent disclosure to third parties. A true and correct copy of Plaintiff's letter of September 5, 2008 including the New Century Defendants' First and Second Installments of the NCD Privilege Logs (2008) are attached as **Exhibit A** to the accompanying Declaration of Daniel Murphy ("Murphy Decl."), which is incorporated herein by reference.

6. Following review of the New Century Defendants' document productions and NCD Privilege Logs (2008), Plaintiffs' counsel, on December 23, 2008, wrote a letter to counsel for the New Century Defendants requesting the production of all documents that reflect disclosure or were disclosed to third parties and for which privilege has been asserted, or contain non-legal or business

3

advice. *See* **Exhibit B** to Murphy Decl. at p. 2 (Letter of December 23, 2008 from Plaintiffs' counsel to counsel for the New Century Defendants).[2] In addition, Plaintiffs requested full, unredacted copies of all documents that had been produced with redactions, but for which no claim of privilege had been timely asserted, with illustrative examples provided. *See* **Exhibit B** to Murphy Decl. with accompanying illustrative examples of redacted documents. [NCDCP0193124; 193215; 193224].

7. In a letter dated February 19, 2009, counsel for the New Century Defendants attempted to address Plaintiffs' concerns with respect to third party disclosures and redactions, while also producing what were purported to be "wholly or substantially unredacted copies of the meeting minutes and reports of the Compensation Committee of the Board of Directors." *See* **Exhibit C** attached to Murphy Decl. With its letter of February 19, 2009, the New Century Defendants provided updated NCD Privilege Logs (2009) purporting to provide additional information sufficient to establish entitlement to attorney-client privilege. The updated NCD Privilege Logs (2009), comprised of first, second and third installments, are attached as **Exhibit D** to Murphy Decl.

### B. The New Century Defendants' Limited Production of Compensation Committee Minutes

8. A review of the New Century Defendants' supplemental document production of February 19, 2009 reflects that only three (3) Compensation Committee Minutes or reports were actually produced: i) Report of the Compensation Committee, originally labeled as NCDCP000193124, now produced at NCDCP0226,394 (unredacted); ii) November 2, 2004 Compensation Committee Minutes, originally labeled NCDCP0193215, now produced at NCDCP0226406 (produced with redactions, despite presence of third party Frank Glassner of

---

[2] As reflected in that letter and on the NCD Privilege Logs, **Exhibit A**, such third parties include, but are not limited to, individuals affiliated with third party service providers such as Jennifer See and David Stecher of Retirement Capital Group; Michael Boldt and Sam Brkich of the Newport Group; Frank Glassner of Compensation Design Group; Linda Stecher and others.

CDG); iii) June 2, 2004 Compensation Committee Minutes, now produced at NCDCP0226397 (produced with redactions). *See* **Exhibit D-2** to Murphy Decl. No other "wholly or substantially unredacted copies" of Compensation Committee Minutes were produced by the New Century Defendants with their letter of February 19, 2009. At the same time, as reflected in the Second Installment of the NCD Privilege Logs (2009), portions of the Compensation Committee Minutes for June 24, 2004 and November 2, 2004 were apparently withheld on the basis of attorney-client privilege. See **Exhibit D** [Second Installment of NCD Privilege Log (2009)] at p. 10 of 10.

### C. The New Century Defendants' Acknowledgement of Attorney-client Privilege Waiver Based on Third Party Disclosures

9. Notably, in their letter of February 19, 2009, the New Century Defendants expressly disavowed claims of attorney-client privilege where documents have been disclosed to third parties, such as Jennifer See and David Stecher of Retirement Capital Group; Michael Boldt and Sam Brkich of the Newport Group; Frank Glassner of Compensation Design Group; Linda Stecher and other third parties. *See* **Exhibit C** (reflecting production of communications with these third parties). Although the New Century Defendants produced a number of electronic mail communications and other documents involving these and other third parties, no additional Compensation Committee Minutes that reflect the presence of third parties were produced.[3]

---

[3] As reflected on **Exhibit D** (and in particular its third installment), the New Century Defendants' Privilege Logs in many instances do not contain required information sufficient to invoke attorney-client privilege, such as meaningful sender-recipient information. In addition, admitted third parties, such as Frank Glassner of Compensation Design Group, are identified as the author of documents for which privilege is claimed, notwithstanding the New Century Defendants' admission that disclosure to third parties waives privilege. *See* **Exhibit D**, NCDCP-PRIV 151, 100, 124, 52; see also **Exhibit C** (letter of February 19, 2009 from New Century Defendants conceding that third party disclosures vitiate privilege).

5

SL1 914758v1/102440.00001

## III. THE COMPENSATION COMMITTEE

### A. Production of Sixteen (16) Separate Meeting Minutes of the Compensation Committee In Redacted Form

10. On or about January 9, 2009, the Compensation Committee produced documents that were responsive to Plaintiffs' document requests, while also stating that a privilege log would be produced as soon as "reasonably practicable." *See* **Exhibit E** to Murphy Decl. The Compensation Committee's production was labeled ERISA-DEF00001-4109, with said production including heavily redacted copies of Compensation Committee Minutes from approximately sixteen (16) different dates ranging from June 2, 2004 through October 9, 2006, contained within documents produced as ERISA-DEF00001-814.

11. On January 19, 2009, counsel for Plaintiffs sent an electronic mail to counsel for the Compensation Committee requesting that it produce unredacted copies of documents labeled ERISA-DEF00001-814 (comprised largely of Compensation Committee Minutes, which were redacted based on what was assumed to be a claim of attorney-client privilege). *See* **Exhibit F** to Murphy Decl. (including email of January 19, 2009 and illustrative examples attached thereto, but excluding **Exhibit E** to avoid duplication).

12. Following a review of the Compensation Committee's document production, the Compensation Committee agreed on or about February 17, 2009 to provide a supplemental document production labeled ERISA-DEF004110-006064, purporting to include documents with redactions removed based on merely on relevance objections, while retaining privilege redactions. *See* **Exhibit G** at p. 2. However, the Compensation Committee also stated that it anticipated that a supplemental document production by the New Century Defendants was expected to include "unredacted copies of most or all of the documents at issue," rendering the privilege dispute moot. *See* **Exhibit G** at p. 2.

6

### B. Production of Fourteen (14) Entirely New Meeting Minutes of the Compensation Committee in Redacted Form and Six (6) Previously Produced, But Redacted Minutes

13. Following review of the Compensation Committee's supplemental document production, Plaintiffs have determined that: i) all of the documents that were previously produced in redacted form were not subsequently produced in unredacted form; ii) entirely new Compensation Committee Minutes have been produced, often in redacted form, in the supplemental production labeled ERISADEF004110-6064 (despite the fact that these documents reflect the presence of or disclosure to third parties); and iii) the supplemental production of the New Century Defendants did not include "unredacted copies of most or all of the documents at issue." *See* **Exhibit G**.

14. The Compensation Committee's supplemental production included no less than fourteen (14) entirely new Minutes of Meetings of the Compensation Committee, while only six of the fifteen (15) Minutes previously produced had been reproduced with a lesser amount of redaction. Attached as **Exhibit H** to the Murphy Decl. is a chart reflecting the Compensation Committee's document productions with respect to Compensation Committee Meeting Minutes and related documents, as well as references addressing redaction and the presence of or disclosure to third parties. *See* **Exhibit H** to Murphy Decl.[4]

15. Contrary to the Compensation Committee's expectation that production issues could be resolved through resort to the supplemental production of the New Century Defendants, that -

---

[4] Upon request, Plaintiffs will produce copies of the documents produced by the Compensation Committee on January 9, 2009 (ERISA-DEF0001- 814) or any other documents requested. In the heavily redacted format produced by the Compensation Committee on January 9, 2009, it is impossible to discern that third parties, such as Frank Glassner of Compensation Design Group, were present at Compensation Committee Meetings. The Supplemental Production of the Compensation Committee did little to address the existing problem as that production consisted largely of wholly new (but still redacted) Compensation Committee Minutes.

7

production, as noted above, contained only **two** sets of Compensation Meeting Minutes.[5] Accordingly, Plaintiffs' request for production of unredacted copies of all Compensation Committee Minutes and related documents remains unresolved.

16. As reflected on unredacted portions of the Compensation Committee Minutes, there are at least ten (10) instances where a third party, Frank B. Glassner of Compensation Design Group, attended meetings of the Compensation Committee. *See* **Exhibit H** (compilation exhibit of Minutes reflecting attendance of third parties at Compensation Committee). Many of those meetings also were attended by Jeffrey Walbridge, Esq. of O'Melveny & Myers, LLP ("OMM") and/or in-house counsel (Stergios Theologides, Esq., Jennifer Jewett, Esq. and/or Monika McCarthy, Esq.). The Compensation Committee has redacted these documents based on privilege, despite the presence of Mr. Glassner and other third parties at such meetings.

### C. Other Documents Withheld By the Parties Based on Assertions of Attorney-Client Privilege

17. By letter dated March 9, 2009, the Compensation Committee provided a privilege log to Plaintiffs in relation to the document produced in January and February, 2009. *See* **Exhibit J** (the "Compensation Committee Privilege Log"). As reflected in that document, the Compensation Committee has withheld documents (exclusive of Compensation Committee Minutes) based on assertion of privilege where documents have been shared with third parties, such as Frank Glassner of Compensation Design Group, *see* **Exhibit J**, at Priv 0000, 7, 8, 26, 28, 33, 35-41; 44, 45- 47, 57, 61, 91, 98, 114, 115, 116, 119, 120, 121, 128, 131, 134, 136, 145, 148, 149. As reflected in the cover letter and their privilege log, p. 15, the Compensation Committee has withheld Priv. Doc.

---

[5] As reflected in the apparent Charter of the Compensation Committee, the Compensation Committee Minutes "of each meeting will be kept with the regular corporate records." *See* **Exhibit I** to Murphy Decl., more particularly, ERISA-DEF 04793 at section II, C. Although the electronic mail accompanying the Charter is clearly addressed to third party Frank B. Glassner of Compensation Design Group, the Compensation Committee has attempted to shield this communication based on assertion of attorney-client privilege, presumably that of the New Century Defendants. As discussed more fully below, disclosure to third parties waives any claimed entitlement to the attorney-client privilege.

SL1 914758v1/102440.00001

No 159 without information sufficient to establish privilege. **Exhibit J**. Finally, the Compensation Committee has redacted documents (exclusive of the Compensation Committee Meeting Minutes) on the basis of privilege where disclosure has been made to third parties, such as Frank Glassner of Compensation Design Group. *See* **Exhibit J**, at ERISA-DEF 5243, 4791, 4796, 4317, 4851.

18. For its, part, the New Century Defendants also have sought to claim privilege over documents listed on their NCD Privilege Logs (2009), despite the presence of third parties, such as Frank Glassner of Compensation Design Group and their admission that disclosure to third parties waives privilege. *See* **Exhibit D**, NCDCP-PRIV 151, 100, 124, 52.

## IV. ARGUMENT

### A. Legal Standards

19. The attorney-client privilege protects communications between attorneys and clients from compelled disclosure where there is "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." In re Teleglobe Comms., 493 F.3d 345, 359 (3rd Cir. 2007) (citing RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 68 (2000)).

20. Because the attorney-client privilege is an exception to the common-law maxim that the public has a right to "everyman's evidence" and hinders the truth-seeking process, it is strictly construed by courts and carefully policed. In re Teleglobe Comms., 493 F.3d at 359 (citing United States v. Bryan, 339 U.S. 323, 331; 361, n. 13 (1950)). The party asserting the attorney-client privilege bears the burden of proving each element required for its application. *Id.* at 365, n. 22; Matter of Grand Jury Empanelled Feb. 14, 1978, 603 F.2d 469, 474 (3rd Cir. 1979).

21. Pursuant to Fed. R. Banrkr. 7026(b)(5) and Fed. R. Civ. P. 26(b)(5), a party withholding information based on privilege <u>must</u>: i) "expressly make the claim" and ii) describe the nature of the documents not produced in a manner that will enable other parties to assess the claim. *See* Fed.

9

SL1 914758v1/102440.00001

R. Banrkr. 7026(b)(5) and Fed. R. Civ. P. 26(b)(5); *see also* Fed. R. Evid 502 (amended as of September, 2008)(addressing standards for subject matter waiver and inadvertent disclosure).

### B. Neither the Compensation Committee nor the New Century Defendants May Withhold Documents or Information That Reflect the Presence of or Disclosure to Third Parties

22. Assuming, without conceding, that the Compensation Committee is attempting to invoke the attorney-client privilege on behalf of the New Century Defendants, the privilege has no application for either party where communications have occurred in the presence of third parties or have been subsequently shared with third parties. *See* In re Teleglobe Comms., 493 F.3d at 361 ("Disclosing a communication to a third party unquestionably waives the privilege.").

23. As pertaining to the Compensation Committee, any documents that reflect the presence of or disclosure to third parties cannot be subject to any claim of attorney-client privilege. *See* **Exhibit H** (cataloguing Compensation Committee Minutes reflecting presence of third parties, including, but not limited to Frank Glassner of Compensation Design Group; *see also* **Exhibit J**, at Priv 0000, 7, 8, 26, 28, 33, 35-41; 44, 45- 47, 57, 61, 91, 98, 114, 115, 116, 119, 120, 121, 128, 131, 134, 136, 145, 148, 149 (reflecting disclosure to third parties, including, but not limited to Frank Glassner of Compensation Design Group).

24. Further, the New Century Defendants have conceded that documents that reflect disclosure to or the presence of third parties are not privileged. *See* **Exhibit C** at p. 2. Neither the Compensation Committee nor the New Century Defendants should be granted license to shield documents that reflect the presence of or disclosure to third parties. *See* **Exhibit D**, NCDCP-PRIV 151, 100, 124, 52; **Exhibits J**; **Exhibit H**.

SL1 914758v1/102440.00001

## B. Subject Matter Waiver Is Appropriate Because of the Pervasive Presence of Third Parties at Compensation Committee Meetings and the New Century <u>Defendants' Selective Production of Potentially Privileged Content</u>

25. Assuming that Compensation Committee Minutes that reflect the presence of third parties such as Frank Glassner must be produced, the next question presented is whether all other Compensation Committee Minutes should be disclosed because they concern the same subject matter. Under Fed. R Evid. 502, waiver of the attorney-client privilege as applied to a particular subject is appropriate where the waiver is: i) intentional; ii) the disclosed and undisclosed communications concern the same subject matter; and iii) the communications in fairness ought to be considered together. *See* Fed. R Evid. 502.

26. There can be no doubt that the invitation and frequent presence of third parties such as Frank Glassner of Compensation Design Group at Meetings of the Compensation Committee was an intentional act. *See* **Exhibit H** (cataloguing third party and counsel presence at Compensation Committee Meetings). Further, as set forth in Plaintiffs letter of December 23, 2008 to the New Century Defendants, **Exhibit B** and accompanying attachment, the New Century Defendants' production of the November 2, 2004 Compensation Committee Minutes contained extensive discussion of the recommendations of OMM's Jeffrey Walbridge, Esq. and Stergios Theologides, Esq., in-house counsel, in relation to the Deferred Compensation Plan. *See* **Exhibit B**, pps. 8; 17-18 of 49. Further, in their recently filed Motion for Partial Summary Judgment addressing the New Century Supplemental Executive Retirement/Savings Plan, the New Century Defendants have affirmatively relied upon such redacted Compensation Committee Minutes from June 2, 2004.[6]

27. Courts have uniformly held that a party may not partially disclose privilege communications or selectively disclose privileged communications that support its claim or defense

---

[6] *See* Exhibit B to Declaration of Arthur Duff, filed in support of the New Century Defendants' Motion For Partial Summary Judgment With Respect to the New Century Supplemental Executive Retirement/Savings Plan, Dated March 27, 2009.

while at the same time seeking to shield unfavorable communications from scrutiny by the opposing party. *See* In re Teleglobe Comms., 493 F.3d at 361 (When one party takes advantage of another by selectively disclosing otherwise privileged communications, courts broaden the waiver as necessary to eliminate the advantage); United States v. Bilzerian, 926 F.2d 1285, 1292 (2nd Cir. 1991)(A party "may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."); Granite Partners v. Bear Stearns & Co., 184 F.R.D. 49, 54 (S.D. N.Y. 1999)("waiver may be invoked where 'a litigant makes selective use of privileged material, for example, by releasing only those portions of the material that are favorable to his position, while withholding unfavorable portions.'").

28. On the few Compensation Committee Minutes that it has produced, *see* **Exhibit D-2**, the New Century Defendants have intentionally released and made use of selected portions reflecting counsel's advice on the same subject matter - the deferred compensation plan - while redacting other, presumably unfavorable, portions of those Minutes.[7] Based on the intentional, selective disclosures by the New Century Defendants concerning the same subject matter, fairness requires that all of the Compensation Committee Minutes be produced by both the Compensation Committee and the New Century Defendants. *See* Fed. R. Evid. 502(a)(1)-(3).

### C. The Fiduciary Exception to the Attorney-client Privilege Compels Production of the Compensation Committee Meeting Minutes and Related Documents

29. The Fiduciary Exception to the Attorney-client Privilege is well established in the Third Circuit, including in an ERISA context. *See* In re Teleglobe Comms., 493 F.3d at 385; Wachtel v. Health Net, 482 F. 3d 225, 231 (3rd Cir. 2007). This exception has its roots in the seminal case, Garner v. Wolfinbarger, 430 F.2d 1093, 1103-04 (5th Cir. 1970), which held as follows:

---

[7] As previously noted, the New Century Defendants have not expressly claimed privilege over the Compensation Committee Minutes and related documents, with two exceptions set forth on the last page of their updated Third Installment of Privilege Logs (2009). *See* **Exhibit D**.

> The attorney-client privilege still has viability for the corporate client. The corporation is not barred from asserting it merely because those demanding information enjoy the status of stockholders. But where the corporation is in suit against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation and of the public require that the availability of the privilege be subject to the right of the stockholders to show cause why it should not be invoked in the particular instance.

30. As interpreted by the Third Circuit, the Fiduciary Exception "allows shareholders of a corporation to invade the corporation's privilege in order to prove fiduciary breaches by those in control of the corporation upon a showing of good cause." In re Teleglobe Comms., 493 F.3d at 384.

31. The Fiduciary Exception also has been applied by the Third Circuit and other courts in an ERISA context, with courts endorsing the principle that "the attorney-client privilege does not attach to the legal advice rendered to the fiduciaries for assistance in the performance of fiduciary duties." Wachtel v. Health Net, 482 F. 3d at 233 (citing Garner, Riggs Nat'l Bank v. Zimmer, 355 A.2d 709 (Del. Ch. 1976); Donovan v. Fitzsimmons, 90 F.R.D. 583, 585 (N.D. Ill. 1981)). The rationale for the Fiduciary Exception is that the attorney advising a fiduciary represents not the fiduciary personally, but the fiduciary's beneficiaries, the "real client."[8]

32. The Fiduciary Exception applies with equal force to the Compensation Committee Minutes and related documents. There can be no doubt that the Compensation Committee was charged with "discretionary acts of plan administration" and owed an unmitigated duty to the participants of the deferred compensation plan. *See* **Exhibit I**, at p. 4, Compensation Committee

---

[8] Two exceptions exist for the Fiduciary Exception. The first is the "liability exception," where the fiduciary seeks advice of counsel for its own personal defense in contemplation of adversarial proceedings against its beneficiaries. The second involves the "settler exception," by which "fiduciary acts" and "settler acts" are distinguished. While fiduciary acts consisting of "discretionary acts of plan administration" are subject to the Fiduciary Exception, non-discretionary "settler acts" involving the "adoption, modification or termination of an employee benefit plan." *Id.* The stated rationale for the settler exception is that the acts excepted are "more akin to those of a nonfiduciary trust settler than they are those to a trustee." *Id.* Neither of these exceptions is applicable here.

13

Charter ("The Committee is also the plan administrator under and pursuant to the Company's Deferred Compensation Plan and the Company's Directors' Deferred Compensation Plan, with all authority of the plan administrator under and pursuant to each such plan."). Further, Plaintiffs have raised colorable claims that the New Century Deferred Compensation Plan was "a top hat" plan. *See* this Court's Order dated April 23, 2008 (denying Motion to Dismiss). Necessarily included within such claims is the notion that the Compensation Committee acted as a trustee for the exclusive benefit of the Plan participants. *See* 29 U.S.C. §1103(c)(1)(providing that contributions to employee benefit plans must be and are held in trust for the exclusive benefit of the plan participants and may not be used or diverted for the benefit of the employer or to satisfy the employer's obligations; 29 U.S.C. § 1056(d) (preventing voluntary or involuntary transfer or alienation of plan assets). Because Plaintiffs as plan participants are the "real clients" and beneficiaries of the actions taken by the Compensation Committee, "good cause" exists to compel production of the Compensation Committee Minutes and related documents. *See* In re Teleglobe Comms., 493 F.3d at 385 (citing Garner, 430 F.2d at 1104).

## V. CONCLUSION AND REQUESTED RELIEF

33. For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' requested relief and such other and further relief as the Court deems just.

    WHEREFORE, Plaintiffs respectfully request the Court to:

(i) Compel the Compensation Committee and New Century Defendants to promptly produce to Plaintiffs complete, unredacted copies of all Compensation Committee Minutes; any documents that reflect the presence of or were disclosed to third parties, including, but not limited to, Jennifer See and David Stecher of Retirement Capital Group; Michael Boldt and Sam Brkich of the Newport Group; Frank Glassner of Compensation Design Group; Linda Stecher or other employees of those companies, with compelled production including, but not limited to the third party documents set forth on **Exhibit H**; **Exhibit I**; NCDCP-PRIV 151, 100, 124, 52; Comp Committee Priv. 0000, 7, 8, 26, 28, 33, 35-41; 44, 45- 47, 57, 61, 91, 98, 114,

14

115, 116, 119, 120, 121, 128, 131, 134, 136, 145, 148, 149; and ERISA-DEF 5243, 4791, 4796, 4317, 4851;

(ii) Consistent with application of the Fiduciary Exception to the attorney-client privilege, compel the Compensation Committee and New Century Defendants to produce all documents evidencing or related to deliberations of the Compensation Committee; *or*, alternatively, to the extent that the fiduciary exception has limited application, perform an *in camera* inspection of all other (non-third party) documents set forth on **Exhibit H** and (as appropriate) the Privilege Logs of the New Century Defendants and the Compensation Committee to determine applicability of privilege.

(iii) Grant such other and further relief as the Court deems just and proper.

Dated: April 7, 2009

STEVENS & LEE, P.C.

/s/ Joseph H. Huston, Jr.
Joseph H. Huston, Jr. (No. 4035)
1105 North Market Street, Suite 700
Wilmington, DE 19801
Telephone: (302) 425-3310
Facsimile: (610) 371-7972
Email: jhh@stevenslee.com

-and-

BERNSTEIN, SHUR, SAWYER & NELSON
Robert J. Keach
Paul McDonald
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
Email: rkeach@bernsteinshur.com
Email: pmcdonald@bernsteinshur.com